William P. McLane, Esq. (NJ Bar #034481996)
Shareef M. Omar, Esq. (NJ Bar #213692017)
**LITTLER MENDELSON**
A Professional Corporation
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant
*Computershare, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIFFANY MILLER,<br><br>  Plaintiff,<br><br>vs.<br><br>ADECCO Staffing, COMPUTERSHARE, ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiffs at this time)<br><br>  Defendants. | Civil Action No.  2:19-cv-19997<br><br>**NOTICE OF REMOVAL**<br>**(federal question & diversity)**<br><br>*Electronically Filed* |

**TO:  THE CLERK AND THE HONORABLE JUDGES
OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Defendant Computershare, Inc. ("Computershare") files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Essex County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

### STATE COURT ACTION

1. Plaintiff Tiffany Miller ("Plaintiff") commenced this action on or about October 6, 2019 by filing a Complaint in the Superior Court of New Jersey, Law Division, Essex County, captioned *Tiffany Miller v. ADECCO Staffing, COMPUTERSHARE, ABC CORPORATIONS" 1-5*

1

*(fictitious names not known to Plaintiffs at this time)*, bearing Docket No. ESX-L-7298-19 (the "State Court Action").

2. Attached as **Exhibit A** is a copy of all "process, pleadings and orders" served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

3. Plaintiff served Computershare with the Summons and Complaint on October 10, 2019. This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b)(3).

## FEDERAL QUESTION JURISDICTION

4. Plaintiff's Complaint alleges, *inter alia*, that "Defendant failed to pay Plaintiff wages in violation of the Fair Labors (sic) Standards Act, 29 U.S.C. §§ 201 et seq. " *See* Complaint, Count II, ¶ 2. The State Court Action is a civil action of which the district courts of the United States have jurisdiction because of federal question jurisdiction, as plaintiff's claims touch on questions of federal law as set forth in U.S.C. § 1331, and it is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1331, and 1441(a), (b), (c), and 1446, in that it arises under federal law and Plaintiff's Complaint presents a federal question.

## DIVERSITY JURISDICTION

5. In addition, this Notice of Removal is being filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

6. The State Court Action is a civil action of which the district courts of the United States have jurisdiction because of diversity jurisdiction and the matter in controversy exceeds $75,000, granted by 28 U.S.C. § 1332.

7. The State Court Action is between a citizens of different states and/or subjects of a foreign state. *See* 28 U.S.C. § 1332.

8. Specifically, Plaintiff alleges in her Complaint that she is a citizen of New Jersey residing in the City of Newark. *See* Complaint, Page 1.

9. Computershare is incorporated in Delaware, with its headquarters and principal place of business in the Commonwealth of Massachusetts.

10. Defendant ADECCO US, Inc. ("ADECCO") is incorporated in Delaware, with its headquarters and principle place of business in Florida.

11. ADECCO who has been properly joined and served in this matter consents to removal.

12. For diversity jurisdiction purposes, a corporation such as Computershare is deemed a citizen of its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77; 130 S. Ct. 1181, 1186 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." *See Hertz Corp.*, *supra*, 130 S. Ct. at 1192 (citations omitted).

13. The amount of the matter in controversy in the State Court Action is unstated. Where, however, removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that

3

the amount in controversy exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1446(c)(2)(A).

14. The matter in controversy in the State Court Action exceeds the sum or value of $75,000.00, *see* 28 U.S.C. § 1332(a), computed on the following basis:[1]

(a) The Complaint filed by Plaintiff alleges the following causes of action: violations of New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4 (Count One); the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (Count Two); failure to pay hourly wages (Count Three); Unjust Enrichment (Count Four); and common law retaliation (Count Five). *See* Complaint, Counts I-V.

(b) Plaintiff demands judgment for compensatory damages, liquidated damages, enhanced attorney's fees and costs, civil penalties, and interest. *Ibid*.

(c) According to a reasonable reading of the Complaint and a preponderance of the evidence, the amount in controversy, exceeds the jurisdictional minimum of $75,000.00. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

(d) Plaintiff also seeks attorney's fees which are a "necessary part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action [asserted]." *Goralski v. Shared Techs., Inc.*, 2009 U.S. Dist. LEXIS 69042, *16-17 (D.N.J. Aug. 7, 2009) (citation omitted). Here, because the Fair Labor Standards Act and the New Jersey Wage

---

[1] Defendant does not concede Plaintiff's allegations are true or that her claims have merit. Defendant provides the following only to demonstrate the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole likely exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).

and Hour law provide for the recovery of attorney's fees, such costs should be calculated as part of the amount in controversy. *See* 29 U.S.C. §§ 201 *et seq.* and N.J.S.A. §§ 34:11-56a4.

(e)     Aggregating these amounts, as is appropriate for evaluating removal based on diversity jurisdiction, the amount in controversy likely exceeds the jurisdictional minimum of $75,000.00. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

15.     Accordingly, based on the fact of the Complaint, this Court possesses original jurisdiction over this action under 28 U.S.C. § 1332, which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

16.     Attached as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal to the Clerk of the New Jersey Superior Court, the original of which will be filed with the New Jersey Superior Court Clerk, Law Division, Essex County as required by 28 U.S.C. § 1446(d).

## NOTICE TO PLAINTIFF

17.     Attached hereto as **Exhibit C** is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel, Silvia G. Gerges, Esq., Lawrence & Gerges, LLC, 272 Washington Ave, Suite E, Nutley, New Jersey 07110, pursuant to 28 U.S.C. § 1446(a).

18.     By filing the Notice of Removal, Computershare does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. Computershare intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

19.     If the Court should be inclined to remand this action, Computershare requests that the Court issue an Order to Show Cause why the case should not be remanded, providing

Computershare an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

20. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

21. Computershare requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
*Computershare, Inc.*

Dated: November 8, 2019          By:   */s/ William P. McLane*
                                         William P. McLane

Silvia G. Gerges, Esq. (01622012)
**LAWRENCE & GERGES, LLC**
242 Washington Ave, Suite E
Nutley, NJ 07110
Email: info@thelgfirm.com
Ph: 973-833-4900; Fax: 973-378-0074
Attorneys for Plaintiff

| | |
|---|---|
| **TIFFANY MILLER**<br><br>   Plaintiff,<br><br>   vs.<br><br>**ADECCO Staffing, COMPUTERSHARE, ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiffs at this time),**<br><br>   Defendant. | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT<br>AND JURY DEMAND** |

This action has been initiated by Plaintiff TIFFANY MILLER, residing at 10 Eckert Ave, #3, City of Newark, County of Essex, State of New Jersey, by way of Complaint against the Defendants ADECCO Staffing, COMPUTERSHARE, and ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiffs at this time), for violations of the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a4, the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq. and the Fair Labors Standards Act, 29 U.S.C. §§ 201 et seq. as well as the common law.

As a direct consequence of the Defendants' unlawful actions, the Plaintiff suffered harm and seeks equitable relief and damages from the Defendants as set forth herein:

## FACTS

1. At all times relevant to this complaint, Defendants ADECCO Staffing with locations in New Jersey as well as other states including operating out of 45 Eisenhower Drive, City of Paramus, County of Bergen, State of New Jersey and were Plaintiff's "employer" within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a4, the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq. and the Fair Labors Standards Act, 29 U.S.C. §§ 201 et seq.

2. Defendant ADECCO staffing placed Plaintiff for employment with various employers including Defendant COMPUTERSHARE and issued her paychecks.

3. At all times relevant to this complaint, Defendants COMPUTERSHARE is a business operating at 480 Washington Boulevard, City of Jersey City, County of Hudson, State of New Jersey and were Plaintiff's "employer" within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a4, the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq. and the Fair Labors Standards Act, 29 U.S.C. §§ 201 et seq.

4. Defendant COMPUTERSHARE controlled the day to day tasks relating to Plaintiff's employment, provided Plaintiff with her workspace and work equipment, supervised her work, and set her hours.

5. Plaintiff began employment as a call center representative through Defendant ADECCO Staffing at Defendant COMPUTERSHARE's Jersey City office starting on or about August 28, 2017.

6. At all times relevant hereto, Plaintiff's work for Defendants met or exceeded Defendants' reasonable expectations.

7. During the course of Plaintiff's employment, Defendants failed to pay Plaintiff for all of her hours worked.

8. Defendant COMPUTERSHARE's Jersey City office was in an office building with security and required that employees in the building have a badge in order to reach the elevator areas and subsequently COMPUTERSHARE's offices on the upper floors.

9. Defendant COMPUTERSHARE required employees to clock in by signing on to their computers and then to an ADP application thereon.

10. Defendant COMPUTERSHARE failed to provide Plaintiff with an employee badge upon hire.

11. Plaintiff had to acquire a "Temp Badge" from the security officers each work day and was forced to wait until an employee of COMPUTERSHARE came to the main lobby area to escort her upstairs.

12. Plaintiff often waited ranging from several minutes to almost an hour in order for a COMPUTERSHARE employee to come down to escort her up.

13. Plaintiff was unable to go up to the office to clock in and begin her work.

14. Plaintiff complained multiple times regarding her missing wages to Erica Harris in the Human Resources department for Defendant COMPUTERSHARE, but no corrections were made to her wages.

15. Defendant COMPUTERSHARE did not issue an employee security pass to the Plaintiff until September 30, 2017.

16. Plaintiff continued to follow up regarding the missing pay for hours wherein she was not paid properly due to COMPUTERSHARE's clocking in issues in the first week of October of 2017.

17. On or about October 9, 2017, Defendant COMPUTERSHARE summarily terminated Plaintiff's employment.

18. Plaintiff contacted Eliza Powell, in house associate for Defendant ADECCO Staffing soon after her termination regarding the wages she is owed for all the days she missed time from work while waiting to be let up into the office.

19. Eliza Powell represented to Plaintiff that her wages would be corrected and that she would be paid for the missing hours.

20. To date, Plaintiff did not receive said payment from Defendants.

21. Further, Defendant ADECCO Staffing failed to place Plaintiff at another job site after Defendant COMPUTERSHARE's unlawful termination of Plaintiff.

## COUNT I

1. Plaintiff repeats and re-alleges all the allegations of the previous paragraphs as if set forth more fully at length herein.

2. Defendant failed to pay Plaintiff New Jersey wages in violation of the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a4.

**WHEREFORE,** Plaintiff MILLER demands judgment against the Defendants for:

  A. Compensatory damages;

  B. Enhanced attorney's fees and costs as permitted by law;

  C. Civil penalties as prescribed by law;

  D. Interest; and,

E. Such other relief as the Court may deem proper.

## COUNT II

1. Plaintiff repeats and re-alleges all the allegations of the previous paragraphs as if set forth more fully at length herein.

2. Defendant failed to pay Plaintiff wages in violation of the Fair Labors Standards Act, 29 U.S.C. §§ 201 et seq.

**WHEREFORE,** Plaintiff MILLER demands judgment against the Defendants for:

A. Compensatory damages;

B. Liquidated damages

C. Enhanced attorney's fees and costs as permitted by law;

D. Civil penalties as prescribed by law;

E. Interest; and,

F. Such other relief as the Court may deem proper.

## COUNT III

1. Plaintiff repeats and re-alleges all the allegations of the previous paragraphs as if set forth more fully at length herein.

2. Defendant failed to pay Plaintiff her accurate hourly wages, including but not limited to over time wages, on the designated pay dates in lawful money of the United States or by check.

**WHEREFORE,** Plaintiff MILLER demands judgment against the Defendants for:

A. Compensatory damages;

B. Enhanced attorney's fees and costs as permitted by law;

C. Civil penalties as prescribed by law;

D. Interest; and,

E. Such other relief as the Court may deem proper.

## COUNT IV

1. Plaintiff repeats and re-alleges all the allegations of the previous paragraphs as if set forth more fully at length herein.

2. Plaintiff provided services to Defendants in good faith with the expectation of compensation.

3. Defendants accepted Plaintiff's services and benefited therefrom.

4. Defendants' retention of said benefits without payment to Plaintiff would be unjust.

**WHEREFORE,** Plaintiff MILLER demands judgment against the Defendants for:

A. Compensatory damages for the reasonable value of Plaintiff's services;

B. Interest and costs of suit; and,

C. Such other relief as the Court may deem proper.

## COUNT V (PIERCE CLAIM)

1. Plaintiff repeats and re-alleges all the allegations of the previous paragraphs as if set forth more fully at length herein.

2. Plaintiff Miller was retaliated against for exercising her protected rights to complain about Defendants' failure to pay her wages in violation of Federal or New Jersey law and/or public policy.

**WHEREFORE,** Plaintiff MILLER demands judgment against the Defendants for:

A. Compensatory damages;

B. Liquidated damages

C. Enhanced attorney's fees and costs as permitted by law;

D. Civil penalties as prescribed by law;

E. Interest; and,

F. Such other relief as the Court may deem proper.

### JURY DEMAND

The Plaintiff demands a trial by jury on all issues.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Silvia G. Gerges, Esq. is hereby designated as trial counsel in this within matter.

                                        LAWRENCE & GERGES
                                        Attorneys for Plaintiff

                                        By: _____
                                            Silvia G. Gerges, Esq.

Dated: October 6, 2019

## CERTIFICATION PURSUANT TO R. 4:5-1

Silvia G. Gerges, Esq., of full age, certifies in accordance with R. 4:5-1 and R. 4:4-4 (b), as follows:

The matter in controversy is not the subject of any other action pending in any court or in any proceeding against the Defendants. Based on present knowledge there exists no additional party who should be joined in the within action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Silvia G. Gerges, Esq.

DATED: October 6, 2019

William P. McLane, Esq. (NJ Bar #034481996)
Shareef M. Omar, Esq. (NJ Bar #213692017)
**LITTLER MENDELSON**
A Professional Corporation
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant
*Computershare, Inc.*

| | |
|---|---|
| TIFFANY MILLER,<br><br>                    Plaintiff,<br><br>vs.<br><br>ADECCO Staffing, COMPUTERSHARE, ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiffs at this time)<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO: ESX-L-7298-19<br><br>Civil Action<br><br>**NOTICE OF FILING OF**<br>**NOTICE OF REMOVAL** |

**TO:   Clerk, Law Division**
**Superior Court of New Jersey**
**Law Division: Essex County**
**Essex County Courthouse**
**60 West Broad Street**
**Newark, NJ 07102.**

**SIR OR MADAM:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Computershare, Inc. ("Defendant") has filed a Notice of Removal of the above-captioned action in the United States District Court for the District of New Jersey.

Attached hereto as **Exhibit A** is a copy of the Notice of Removal of this case.  Upon filing of this Notice of Filing of Notice of Removal, Defendant shall give written notice thereof to Silvia

G. Gerges, Esq., Lawrence & Gerges, LLC, 272 Washington Ave, Suite E, Nutley, New Jersey 07110, attorney for Plaintiff Tiffany Miller ("Plaintiff").

Pursuant to 28 U.S.C. §1446(d), the filing of the Notice of Removal in the United States District Court for the District of New Jersey, together with the filing of a copy of the Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

        **LITTLER MENDELSON, P.C.**
        Attorneys for Defendant
        *Computershare, Inc.*

Dated:  November 8, 2019      By: */s/ William P. McLane*
                                                 William P. McLane

## **CERTIFICATION OF SERVICE**

I, SHAREEF M. OMAR, certify that on this date I caused a copy of this Notice of Filing of Notice of Removal (with a copy of the Notice of Removal attached) to be served via Federal Express on Silvia G. Gerges, Esq., Lawrence & Gerges, LLC, 272 Washington Ave, Suite E, Nutley, New Jersey 07110, attorney for Plaintiff Tiffany Miller ("Plaintiff").

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


Dated:  November 8, 2019        By:      */s/ Shareef M. Omar*
                                         Shareef M. Omar

William P. McLane, Esq. (NJ Bar #034481996)
Shareef M. Omar, Esq. (NJ Bar #213692017)
**LITTLER MENDELSON**
A Professional Corporation
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant
*Computershare, Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIFFANY MILLER,<br><br>    Plaintiff,<br><br>vs.<br><br>ADECCO Staffing, COMPUTERSHARE, ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiffs at this time)<br><br>    Defendants. | Civil Action No. 2:19-cv-19997<br><br>**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**<br><br>*Electronically Filed* |

**TO:**  **Silvia G. Gerges, Esq.**
   **Lawrence & Gerges, LLC**
   **272 Washington Ave, Suite E**
   **Nutley, New Jersey 07110**

  **PLEASE TAKE NOTICE** that Defendant Computershare, Inc., in the action filed in the New Jersey Superior Court, Law Division, Essex County, bearing Docket No. ESX-L-7298-19, has filed a Notice of Removal to the United States District Court for the District of New Jersey on this 8th day of November, 2019 pursuant to 28 U.S.C. §§1441 and 1446.

  A copy of such Notice of Removal is attached hereto.

              **LITTLER MENDELSON, P.C.**
              Attorneys for Defendant
              *Computershare, Inc.*

Dated: November 8, 2019      By:  */s/ William P. McLane*
                   William P. McLane