William P. McLane, Esq. (NJ Bar #034481996)
Shareef M. Omar, Esq. (NJ Bar #213692017)
**LITTLER MENDELSON**
A Professional Corporation
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant
*Computershare, Inc.*

| | |
|---|---|
| TIFFANY MILLER,<br><br>                    Plaintiff,<br><br>vs.<br><br>ADECCO Staffing, COMPUTERSHARE, ABC CORPORATIONS" 1-5 (fictitious names not known to Plaintiffs at this time)<br><br>                    Defendants. | Civil Action No. 2:19-cv-19997-SDW-SCM<br><br>**ANSWER AND<br>DEFENSES**<br><br><br>*Electronically Filed* |

Defendant Computershare, Inc. ("Computershare"), by and through its attorneys, Littler Mendelson, P.C., by way of Answer to the Complaint and Jury Demand ("Complaint") of Plaintiff Tiffany Miller ("Plaintiff") states as follows:

## AS TO THE FACTS

1.      Computershare lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 all of which are directed against defendant ADECCO.

2.      Computershare admits that ADECCO is a staffing agency that placed Plaintiff with Computershare for a temporary assignment, but it lacks sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 2.

3.      Computershare admits that it conducts business at 480 Washington Boulevard, Jersey City, New Jersey, but denies the remaining allegations contained in Paragraph 3.

4.      Computershare denies the allegations contained in Paragraph 4, except to admit that it contracted with ADECCO to staff a temporary assignment.

5.      Computershare denies the allegations contained in Paragraph 5, except to admit that it contracted with ADECCO to staff a temporary assignment.

6.      Computershare denies the allegations contained in Paragraph 6 which are directed against Computershare.

7.      Computershare denies the allegations contained in Paragraph 7 which are directed against Computershare.

8.      Computershare admits the allegations contained in Paragraph 8.

9.      Computershare admits the allegations contained in Paragraph 9.

10.     Computershare denies the allegations contained in Paragraph 10.

11.     Computershare denies the allegations contained in Paragraph 11.

12.     Computershare denies the allegations contained in Paragraph 12.

13.     Computershare denies the allegations contained in Paragraph 13.

14.     Computershare denies the allegations contained in Paragraph 14.

15.     Computershare denies the allegations contained in Paragraph 15.

16.     Computershare lacks sufficient knowledge or information to either admit or deny whether Plaintiff followed up with any ADECCO employee.  Computershare denies the remaining allegations contained in Paragraph 16.

17.     Computershare admits that it notified ADECCO on or about October 9, 2017, that it was ending Plaintiff's temporary assignment due to her poor performance, but denies any and all remaining allegations contained in Paragraph 17.

18.     Computershare lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 18.

19.     Computershare lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 19.

20.     Computershare lacks sufficient knowledge or information to either admit or deny whether Plaintiff received any payment from ADECCO.  Computershare denies it owes Plaintiff any such payment.

21.     Computershare lacks sufficient knowledge or information to either admit or deny whether Defendant ADECCO placed Plaintiff in another position.  Computershare denies the remaining allegations contained in Paragraph 21.

## AS TO COUNT I

22.     Computershare repeats its answers above to Paragraphs 1 through 21[1] of the Complaint as if set forth fully at length herein.

23.     Computershare denies the allegations contained in Paragraph 22 that are directed against it.

**WHEREFORE**, Computershare respectfully requests judgment denying all of Plaintiff's requested relief and dismissing the Complaint against it with prejudice, together with attorneys' fees and cost of suit.

## AS TO COUNT II

24.     Computershare repeats its answers above to Paragraphs 1 through 23 of the Complaint as if set forth fully at length herein.

25.     Computershare denies the allegations contained in Paragraph 25 that are directed against Computershare.

---

[1] Plaintiff renumbered the Paragraphs of her Complaint after each count. Computershare instead numbers the paragraphs consecutively.

3

**WHEREFORE**, Computershare respectfully requests judgment denying all of Plaintiff's requested relief and dismissing the Complaint against it with prejudice, together with attorneys' fees and cost of suit.

**AS TO COUNT III**

26.     Computershare repeats its answers above to Paragraphs 1 through 25 of the Complaint as if set forth fully at length herein.

27.     Computershare denies the allegations contained in Paragraph 25 that are directed against Computershare.

**WHEREFORE**, Computershare respectfully requests judgment denying all of Plaintiff's requested relief and dismissing the Complaint against it with prejudice, together with attorneys' fees and cost of suit.

**AS TO COUNT IV**

28.     Computershare repeats its answers above to Paragraphs 1 through 27 of the Complaint as if set forth fully at length herein.

29.     Computershare denies the allegations contained in Paragraph 29 that are directed against Computershare.

30.     Computershare denies the allegations contained in Paragraph 30 that are directed against Computershare.

31.     Computershare denies the allegations contained in Paragraph 31 that are directed against Computershare.

**WHEREFORE**, Computershare respectfully requests judgment denying all of Plaintiff's requested relief and dismissing the Complaint against it with prejudice, together with attorneys' fees and cost of suit.

## AS TO COUNT V

32.     Computershare repeats its answers above to Paragraphs 1 through 31 of the Complaint as if set forth fully at length herein.

33.     Computershare denies the allegations contained in Paragraph 33 that are directed against Computershare.

**WHEREFORE**, Computershare respectfully requests judgment denying all of Plaintiff's requested relief and dismissing the Complaint against it with prejudice, together with attorneys' fees and cost of suit.

## GENERAL DENIAL

Computershare denies any allegations set forth in the Complaint to the extent not specifically admitted or denied herein.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claims upon which relief may be granted against Computershare.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The doctrine of estoppel bars Plaintiff's claims, in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

The doctrine of laches bars Plaintiff's claims, in whole or in part.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own conduct or parties over whom Computershare had no control or right of control and for whose actions Computershare is not liable.

**SIXTH AFFIRMATIVE DEFENSE**

Computershare did not employ Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which an award of attorney's fees or punitive damages may be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

Computershare reserves the right to amend and/or supplement its Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand with additional, separate defenses as further investigation and discovery of the facts may warrant.  Further, Computershare reserves the right to raise any and all affirmative defenses which may become apparent during the course of this action and, accordingly, to amend its Answer and Defenses to Plaintiff's Complaint and Jury Demand**.**

**DEMAND FOR STATEMENT OF DAMAGES CLAIMED**

Pursuant to R. 4:5-2, Computershare hereby demands that Plaintiff provide a written statement of the amount of damages claimed herein.

**CERTIFICATION PURSUANT TO R. 4:5-1**

The undersigned certifies in accordance with R. 4:5-1(b)(2) that the within matter is not the subject of any other action pending in any Court or of a pending arbitration proceeding; that no such action or arbitration proceeding is contemplated; and that Computershare is not aware of any non-party who should be joined in this action or who is subject to joinder.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to R. 4:25-4, William P. McLane, Esq and Shareef M. Omar, Esq are hereby designed as trial counsel.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
*Computershare, Inc.*


By:___*/s/ William P. McLane*_____
William P. McLane, Esq.
Shareef M. Omar, Esq.


Dated:  November 27, 2019

4827-1625-6941.1 078197.1010